1    John R. Habashy, Esq. (SBN. 236708)
*john@lexiconlaw.com*
Tiffany N. Buda, Esq. (SBN 232679)
2    *tiffany@lexiconlaw.com*
**LEXICON LAW, PC**
3    633 W. 5th Street, 28th Floor
Los Angeles, CA 90071
Telephone: (213) 223-5900
4    Facsimile: (888) 373-2107

5    *[Additional Counsel listed on following page]*

6    Attorneys for Plaintiffs David Abitbol and Orlene Nosek and the Putative Class

### UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| DAVID ABITBOL,<br>and ORLENE NOSEK,<br>individually and on behalf of others<br>similarly situated,<br><br>           Plaintiff,<br><br>v.<br><br>TALENT.COM, INC., formerly<br>known as NEUVOO, INC., a<br>Canadian corporation,<br>and DOES 1-10, inclusive<br><br>           Defendants. | CASE NO. 2:20-cv-06415<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. VIOLATION OF THE SECTION 227, ET SEQ.**<br><br>**CLASS ACTION**<br><br><br><br>**JURY TRIAL DEMANDED** |

### CLASS ACTION COMPLAINT

**Additional counsel for Plaintiffs and the Putative Class:**
Daniel A. Edelman, Esq. (ILL #00712094)
(Pro Hac Vice  To Be Submitted)
courtecl@edcombs.com
 Cathleen M. Combs, Esq. (ILL #00472840)
(Pro Hac Vice  To Be Submitted)
ccombs@edcombs.com
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
 20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
Telephone: (312) 739-4200
Facsimile: (312) 419-0379 (FAX)

Plaintiffs David Abitbol and Orlene Nosek, individually and on behalf all others similarly situated, allege as follows against Defendants Talent.com, Inc., formerly known as Neuvoo, Inc., a Canadian corporation (referred to hereinafter as "Neuvoo") and DOES 1 through 10, inclusive:

## I. JURISDICTION AND VENUE

1.      This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 (commerce) as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), a federal statute. (See *Mims v. Arrow Financial Services*, LLC, 132 S.Ct. 740, 751- 53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005)).

2.      This Court has personal jurisdiction over Defendants and venue is

**CLASS ACTION COMPLAINT**

proper in this District because Defendants conduct business within this District and have purposefully availed themselves of the laws and markets of the state of California and this District.

## II. INTRODUCTION

3.  Plaintiffs David Abitbol and Orlene Nosek, individually and on behalf all others similarly situated, bring this action against Defendants Neuvoo and Does 1-10 to stop Defendants' practice of sending spam text messages to cellular telephones using an automated telephone dialing system, and to obtain redress for all persons injured by its conduct.

## III. THE PARTIES

4.  Plaintiff, David Abitbol, is an individual who, at all times mentioned herein, was and is over the age of 18, and who resides in Los Angeles, California.

5.  Plaintiff, Orlene Nosek, is an individual who, at all times mentioned herein, was and is over the age of 18, and who resides in Los Angeles, California.

6.  Defendant Talent.com, Inc., formerly known as Neuvoo, Inc., is a corporation organized under the laws of Canada with its principal place of business at 5800 rue Saint-Denis, Montréal (Québec) H2S3L5. Its sole United States office

**CLASS ACTION COMPLAINT**

1    is located at 125 S. Wacker, Chicago, Illinois 60606.

2         7.     The true names and capacities of Defendants Does 1 through 10 are

3    currently unknown to Plaintiffs, who allege that Does 1 through 10 are responsible

     in some manner for the injuries sustained by Plaintiffs as hereinafter alleged.

4    Plaintiffs request leave to file amendments to this complaint alleging the true

5    names and capacities of Does 1 through 10 when the same have been ascertained.

6         8.     Plaintiffs are informed and believe, and on that basis allege, that at

7    all times herein mentioned each of the Defendants was an agent, servant, employee,

     and/or joint venture of each of the remaining Defendants, and was at all times

8    acting within the course and scope of such agency, service, employment, and/or

9    joint venture, and each Defendant has ratified, approved, and authorized the acts of

10   each of the remaining Defendants with full knowledge of said facts.

11        9.     Defendants, and each of them, aided and abetted, encouraged, and

     rendered substantial assistance to the other Defendants in breaching their

12   obligations to Plaintiffs as alleged herein. In taking action, as alleged herein, to aid

13   and abet and substantially assist the commissions of these wrongful acts and other

14   wrongdoings complained of, each of the Defendants acted with an awareness of

     its/his/her primary wrongdoing and realized that its/his/her conduct would

15   substantially assist the accomplishment of the wrongful conduct, wrongful goals,

16   and wrongdoing.

17   _____
                                    4

18                      **CLASS ACTION COMPLAINT**

10.     There is a unity of interest between Defendants, and each acts as the alter ego of the other.

## IV. THE TELEPHONE CONSUMER PROTECTION ACT
## ("TCPA"), 47 U.S.C. §227

11.     Congress enacted the TCPA in 1991 in response to a growing number of consumer complaints regarding telemarketing robocalls.

12.     Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243 (Dec. 20, 1991); see also Mims v. Arrow Fin. Servs., LLC , 132 S Ct. 740, 744 (2012) ("The Act bans certain practices invasive of privacy").

13.     Consumer complaints about this conduct have only increased since then. "If robocalls were a disease, they would be an epidemic." Rage Against Robocalls, Consumer Reports (July 28, 2015). "Robocalls" are the #1 consumer complaint in America today. The Federal Trade Commission (FTC) and Federal Communications Commission (FCC) regularly cite "unwanted and illegal robocalls" as their number-one complaint category. The FTC received more than 1.9 million complaints filed in the first five months of 2017 and about 5.3 million

**CLASS ACTION COMPLAINT**

in 2016. The FCC has stated that it gets more than 200,000 complaints about unwanted telemarketing calls each year. These complaints are on top of the complaints each state AG ' s office.

14.     In an effort to curb these unwanted calls, the TCPA regulates, inter alia, the use of automated telephone equipment (a/k/a "autodialers" or "robodialers") to make calls to any cellular telephone number. Specifically, the plain language of section 227(b)(l )(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

15.     In 2012, the FCC prohibited "any telephone call that includes or introduced an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any [ cellular telephone number], other than a call made with the prior express written consent of the called party[.]" 47 C.F.R. § 64. l 200(a)(2). This prior express written consent requirement became effective on October 16, 2013.

### V. FACTUAL ALLEGATIONS

16.     Plaintiff Abitbol is a non-subscriber customary user of a cellular telephone number on Plaintiff Nosek's account. Plaintiff Nosek pays the cell phone bills for her and Plaintiff Abitbol's cell phone usage.

17.     Plaintiff Abitbol regularly carries and uses the cellular telephone on

**CLASS ACTION COMPLAINT**

which the unsolicited text message calls were received.

18.     On multiple occasions, Defendant Neuvoo sent text messages to Plaintiff Abitbol on his cell phone, the last four digits of which are 6443:

19.     Received from 833-429-1258 on Saturday July 27, 2019, at 6:27 PM, Message: Greetings from Neuvoo! Revature wants to hire you.- https://neuvoo.com/sms/5721ee5c2fabzzcec6fb98d3. (**Exhibit A**)

20.     Received from 833-429-1258 on Sunday July 28, 2019, at 6:22 PM, Message: Greetings from Neuvoo! Hannibal Industries wants to hire you.- https://neuvoo.com/sms/421f6237b7dfzzcec6fb98d3. (**Exhibit A**)

21.     Received from 833-429-1258 on Saturday July 31, 2019, at 6:28 PM, Message: Greetings from Neuvoo! TOP Group - Japanese Recruiting Agency wants to hire you.- https://neuvoo.com/sms/af8e0f358c14zzcec6fb98d3. (**Exhibit A**)

22.     Received from 833-429-1258 on Saturday August 1, 2019, at 6:29 PM, Message: Greetings from Neuvoo! Revature wants to hire you.- https://neuvoo.com/sms/. (**Exhibit A**)

23.     Received from 833-429-1258 on Friday January 10, 2020, at 3:29 PM, Message: Neuvoo: Revature wants to hire you. – https://neuvoo.com/sms/abe07cc71239zz41655c4794be3736bff9700cd6a8c 727. (**Exhibit B**)

**CLASS ACTION COMPLAINT**

24.     Received from 833-429-1258 on Saturday January 11, 2020 at 3:14 PM, Message: Neuvoo: FUEL CYCLE wants to hire you. – https://neuvoo.com/sms/224b58c96918zz41655c4794be3736bff9700cd6a8c 727. (**Exhibit B**)

25.     Received from 833-249-1258 on Tuesday January 14, 2020 at 2:48 AM, Message: Neuvoo: LeadsMarket.com wants to hire you. – https://neuvoo.com/sms/e5d59d835941zz41655c4794be3736bff9700cd6a8c 727. (**Exhibit B**)

26.     Received from 833-249-1258 on Tuesday January 14, 2020 at 2:48 AM, Message: Neuvoo: GreyMatterTech Corp wants to hire you. – https://neuvoo.com/sms/cd162618cedbzz41655c4794be3736bff9700cd6a8c 727. (**Exhibit B**)

27.     On information and belief, based on the non-personalized nature of the messages, and the fact that most were sent at the same hour and minute of the day, the messages were sent using automated telephone dialing equipment.

28.     Plaintiffs Abitbol and Nosek have never done business with Neuvoo, have not provided their cell numbers to it, have not requested any information from it, and have not consented to any calls or text messages from Neuvoo.

29.     The telephone number 833-429-1258 is issued to Neuvoo.

**CLASS ACTION COMPLAINT**

30.    Discovery may reveal additional text message calls as well.

31.    Defendant Neuvoo is responsible for making or causing the making of the text message calls to Plaintiff Abitbol.

32.    Neuvoo, or an agent on its behalf, operates a call center, where automated equipment is used to place large numbers of telemarketing calls and text message calls. The equipment has the present capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers.

33.    By calling Plaintiff Abitbol, Defendants caused Plaintiff Abitbol and the putative class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited and harassing telephone calls, consumption of electricity in cost per-kilowatt required to recharge the cell phones, consumption of money or purchased blocks of calls, and wear and tear on telephone equipment. The text message calls took time to receive and right of privacy was invaded.

34.    The FCC has also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Red. 14014, 14115 (¶165) (2003).

**CLASS ACTION COMPLAINT**

35.     Defendant Talent.com, Inc., formerly known as Neuvoo, Inc. is responsible for making or causing the making of unsolicited, automated telemarketing and pre-recorded and/or artificial voice calls and text message calls. On information and belief, the purpose of the text message calls is to offer job opportunities Defendant posts on its website that were sourced from different job boards and websites.

36.     Defendant Neuvoo, Inc. is a job aggregator and posts job vacancies from other job boards and websites on its website, www.neuvoo.com. Defendant Neuvoo derives economic benefit based on clicks on job postings and clicks through to their website by job seekers and recruiters.

37.     Defendant Neuvoo sends unsolicited, automated telemarketing and pre-recorded and/or artificial voice calls and text message calls as a method to increase its revenues because each text message contains a link that once clicked will direct the recipient to a job posting on their website.

38.     On information and belief, Defendants have sent automated text messages and/or calls to cellular phones of at least 40 other persons.

39.     There is no reasonable means for Plaintiffs or other recipients of Defendants' messages to avoid receiving them.

40.     The TCPA was enacted to protect consumers from unsolicited phone calls and text message calls exactly like those alleged in this case.

**CLASS ACTION COMPLAINT**

41.     The text message calls were made to consumers who never requested to receive them, never engaged in any interaction with Defendants and are made on a repeat basis without consent.

42.     Defendants either negligently or willfully violated the rights of Plaintiffs and other recipients in placing the calls or arranging for the calls to be made.

## VI. CAUSE OF ACTION –

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C. §227, ET SEQ.

43.     Plaintiffs incorporate by reference paragraphs 1-42 as if set forth herein in their entirety.

44.     The TCPA provides as follows at 47 U.S.C. § 227(b):

"§ 227. Restrictions on use of telephone equipment

... (b) Restrictions on use of automated telephone equipment

(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-

(A) to make any call (other than a call made for emergency purposes or made with the prior express

**CLASS ACTION COMPLAINT**

consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice-

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; ...."

45.    The TCPA, 47 U.S.C. § 227(b)(3) further provides:

"Private right of action. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may,

**CLASS ACTION COMPLAINT**

in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph."

46.    Defendants and/or their agents violated the TCPA by using equipment that placed automated text message calls to Plaintiffs' and the putative class member's cell phones.

47.    Defendants made unsolicited automated telemarketing text message calls to cellular telephone numbers belonging to Plaintiffs and other members of the class

48.    By making unsolicited text message calls to Plaintiffs and the class members, using an automated dialing system and without prior express consent, Defendants violated 47 U.S.C. §227(b)(l)(A)(iii). Plaintiffs and the class members are entitled to statutory damages.

## VII.  CLASS ALLEGATIONS

49.    Plaintiffs and the putative class members suffered actual damages in the form of monies paid to receive the unsolicited text messages and robocalls, and their statutory right of privacy was invaded.

50.    Defendants should be enjoined from committing similar violations in the future.

51.    **Class Definition:** Pursuant to Fed. R. Civ. P. 23(a) and (b)(3),

**CLASS ACTION COMPLAINT**

Plaintiffs bring this action on behalf of a nationwide class of similarly situated individuals ("the Class"), defined as follows: (a) all persons who, on or after a date four years prior to the filing of this action (28 U.S.C. § 1658), (b) received a text message sent by or on behalf of Defendant Talent.com, Inc., formerly known as Neuvoo, Inc., (c) placed using an automated dialer.

52.    Plaintiffs reserve the right to modify the class definition as the contours and parameters of the class become apparent through discovery in this matter.

53.    Excluded from the Class are: (1) Defendant Talent.com, Inc., formerly known as Neuvoo, Inc., Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Talent.com, Inc., formerly known as Neuvoo, Inc. or its parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

54.    **Direct Harm:** Plaintiffs and the members of the class were harmed by Defendants' acts in at least the following ways: Defendants, either directly or through agents, illegally contacted Plaintiffs and the Class Members via their

**CLASS ACTION COMPLAINT**

cellular telephones by using an "autodialer" or "robodialer," thereby causing Plaintiffs and the members of each class to incur certain telephone charges or reduce cellular telephone time for which Plaintiffs and the Class members previously paid; and Plaintiffs and Class members' privacy were invaded.

55. **Numerosity:** The exact number of class members is unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable. Plaintiffs allege on information and belief, that there are more than 40 members of the class. Class members can be identified through Defendants' and/or their agents' records, or by other means.

56. **Typicality:** Plaintiffs' claims are typical of the claims of other members of the classes, in that Plaintiffs and the class members sustained damages arising out of Defendants' uniform wrongful conduct, including the making of unsolicited telephone calls.

57. **Adequacy of Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the classes, and have retained counsel competent and experienced in complex class actions. Plaintiffs have no interest antagonistic to those of the class members, and Defendants have no defenses unique to Plaintiffs. The questions of law and fact common to the proposed Class predominate over any questions affecting only individual members of the Class.

58. **Commonality and Predominance**: There are questions of law and

**CLASS ACTION COMPLAINT**

fact common to the claims of Plaintiffs and the class members, and those questions predominate over any questions that may affect individual members of the class. These include:

    a.    Whether the equipment Defendants used to send the messages in question was an automatic telephone dialing system as defined by the TCPA;

    b.    Whether Defendants systematically made automated calls to persons without prior express consent to receive such telephone calls;

    c.    Whether Defendants violated the TCPA;

    d.    Whether class members are entitled to damages, including treble damages based on the willfulness of Defendants' conduct.

59.    **Superiority**: Class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the class to obtain effective relief from Defendants' misconduct. Even if members of the class could sustain such individual litigation, it would still not be preferable to a

**CLASS ACTION COMPLAINT**

class action, because individual litigation would increase the delay and expense to all parties. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

60. **Uniform Relief Necessary:** This class action is appropriate for class certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class and making an award of damages.

61. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g., for securities fraud.

## VIII. PRAYER FOR RELIEF

62. WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in favor of Plaintiffs and the class as follows:

a. An order certifying this matter as a class action with Plaintiffs as Class Representatives, and designating Edelman, Combs, Latturner & Goodwin, LLC and Lexicon Law, PC as Class Counsel;

b. An award of statutory damages for each and every violation;

**CLASS ACTION COMPLAINT**

c.       Actual damages;

d.       An injunction restraining the conduct complained of;

e.       Costs of suit; and

f.       For such other and further relief as the Court deems necessary, just,

and proper.

## IX. DEMAND FOR JURY TRIAL

63.      Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs,

individually and on behalf of all others similarly situated, respectfully request a

trial by jury as to each and every claim for which they are so entitled.

//

//

//

//

//

//

//

//

//

//

**CLASS ACTION COMPLAINT**

Dated: June 17, 2020

By: /s/ Tiffany N. Buda
John R. Habashy, Esq. (SBN 236708)
john@lexiconlaw.com
Tiffany N. Buda, Esq. (SBN 232679)
tiffany@lexiconlaw.com
**LEXICON LAW PC**
633 W. 5th Street, 28th Floor
Los Angeles, CA 90071
Telephone: (213) 223-5900
Facsimile: (888) 373-2107

Daniel A. Edelman, Esq. (ILL #00712094)
(Pro Hac Vice  To Be Submitted)
courtecl@edcombs.com
Cathleen M. Combs, Esq. (ILL #00472840)
(Pro Hac Vice  To Be Submitted)
ccombs@edcombs.com
**EDELMAN, COMBS, LATTURNER &
GOODWIN, LLC**
 20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
Telephone: (312) 739-4200
Facsimile: (312) 419-0379 (FAX)
**Attorneys for Plaintiffs, and the Putative
Class**

//

//

//

//

//

//

//

**CLASS ACTION COMPLAINT**

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

Date: June 17, 2020        <u>/s/ Tiffany N. Buda</u>

John R. Habashy, Esq. (SBN 236708)
*john@lexiconlaw.com*
Tiffany N. Buda, Esq. (SBN 232679)
*tiffany@lexiconlaw.com*
**LEXICON LAW PC**
633 W. 5th Street, 28th Floor
Los Angeles, CA 90071
Telephone: (213) 223-5900
Facsimile: (888) 373-2107

**Attorneys for Plaintiffs and the Putative Class**

//

//

//

//

//

//

//

//

//

**CLASS ACTION COMPLAINT**

## DOCUMENT PRESERVATION DEMAND

Plaintiffs hereby demand that Defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiffs, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiffs. These materials are likely very relevant to the litigation of this claim. If Defendants are aware of any third party that has possession, custody, or control of any such materials, Plaintiffs demand that Defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendants.

Date: June 17, 2020

/s/ Tiffany N. Buda_____
John R. Habashy, Esq. (SBN 236708)
*john@lexiconlaw.com*
Tiffany N. Buda, Esq. (SBN 232679)
*tiffany@lexiconlaw.com*
**LEXICON LAW PC**
633 W. 5th Street, 28th Floor
Los Angeles, CA 90071
Telephone: (213) 223-5900
Facsimile: (888) 373-2107

**Attorneys for Plaintiffs and the Putative Class**

## CLASS ACTION COMPLAINT